## 𝔚𝔦𝔠𝔥𝔪𝔬𝔫𝔡

### STEPHEN G. OLSEN v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7718.

Present, All the Justices.

*G. William Hammer* (*Dennis E. Burke,* on brief), for plaintiff in error.

*T. J. Markow, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Defendant, Stephen G. Olsen, appeals his conviction of possession of marijuana, a felony under Code § 54-488 (1967), then in effect but since repealed. He maintains that the trial court erred (1) in refusing to grant him a mistrial because of prejudicial testimony given by the investigating officer and (2) in admitting into evidence, over his objection, certain drugs and narcotics paraphernalia seized in a subsequent search of the premises where he had been arrested. As we believe that it was reversible error to admit the drugs and paraphernalia, we find it unnecessary to consider the refusal of the trial court to grant Olsen a mistrial.

The investigating officer testified that he came upon Olsen and several companions late at night in the ruins of an abandoned house located on park lands which were closed to the public after dark. He

searched Olsen and found a package of marijuana in his shirt pocket. Olsen was taken into custody and removed to a nearby police station.

The investigating officer further testified that later the same night he returned to conduct a more careful search of the ruins where Olsen had been arrested. He found in a basement room a package of marijuana, a vial of marijuana, a spoon containing traces of heroin and a cylinder containing heroin capsules, all of which were admitted into evidence as a part of the Commonwealth's case. The trial court, however, admonished the jury not to consider that Olsen had possession of these items as he was not charged with their possession.

Olsen was charged with and tried for possession of only the package of marijuana found on his person when he was first searched by the investigating officer. Hence, it was improper to admit into evidence marijuana, heroin and narcotics equipment not found in Olsen's actual or constructive possession at the time of his arrest, or any testimony relating thereto.

In *Bunting* v. *Commonwealth*, 208 Va. 309, 157 S.E.2d 204 (1967), we said:

> "Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto. Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence. *Boggs v. Commonwealth*, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957). . . . "

*Id.* at 314, 157 S.E.2d at 208.

The drugs and paraphernalia found in the ruins some time after Olsen's arrest were "incapable of affording any reasonable presumption or inference on matters in issue, because too remote", since the ruins were not guarded during the time which elapsed between arrest and search. The ruins were accessible to many people, any of whom could have hidden the contraband either before or after Olsen's arrest. *See Gordon* v. *Commonwealth*, 212 Va. 298, 183 S.E.2d 375 (1971).

The judgment of conviction is reversed, and the case remanded for a new trial.

*Reversed and remanded.*